# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2017

Lyle W. Cayce
Clerk

CRAIG PITTMAN, Individually; KELLY KONACK PITTMAN, Individually,

Plaintiffs–Appellants,

versus

SETERUS, INCORPORATED;
FEDERAL NATIONAL MORTGAGE ASSOCIATION;
KYANITE SERVICES, INCORPORATED;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
    INCORPORATED;
FIRST MANGUS FINANCIAL CORPORATION,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3852

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Craig and Kelly Pittman sued in state court to prevent foreclosure on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their house; defendants removed. Defendant Federal National Mortgage Association ("Fannie Mae") counterclaimed for judicial foreclosure. After a series of motions by the defendants and recommendations by the magistrate judge, none of which was opposed or objected to by the Pittmans, the district court entered an amended judgment against the Pittmans on their claims and in favor of Fannie Mae on its counterclaim. The Pittmans filed two post-judgment motions, both of which the court denied.

The Pittmans have filed an appellate brief and a motion to proceed *in forma pauperis* ("IFP") on appeal; that motion is a challenge to the district court's certification that the appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted). We may dismiss the appeal if it is apparent that it would be meritless. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

The Pittmans' submissions exclusively challenge the district court's denial of their second post-judgment motion. We lack appellate jurisdiction to review that issue, because the Pittmans have not properly noticed for appeal the order denying their second-post-judgment motion. *See Fiess v. State Farm Lloyds*, 392 F.3d 802, 806 (5th Cir. 2004). Because the remainder of their briefing fails to articulate any other reviewable error in the disposition of their claims or the counterclaim, the Pittmans have abandoned the critical issues of their appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Thus, the appeal is without arguable merit and is frivolous. *See* 5TH CIR. R. 42.2. The request to appeal IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24.